✔ JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKY SANDERS,<br><br>        Petitioner,<br><br>    v.<br><br>TRACY JOHNSON, Warden,<br><br>        Respondent. | NO. CV 23-6428 ODW (AS)<br><br>**ORDER OF DISMISSAL** |

**I.**

**INTRODUCTION**

On May 30, 2023, Ricky Sanders ("Petitioner"), a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in United States District Court for the Central District of California case no. 23-4203-ODW(AS) ("Sanders I"). (Sanders I Docket ("Dkt.") No. 1). The Sanders I Petition alleged that: (1) the trial court erred in denying Petitioner resentencing pursuant to California Penal Code ("P.C.") §§

1170.95/1172.6[1] by considering an uncharged robbery; (2) the trial court erred in the illegal use of a felony murder instruction when there was no underlying charge or conviction; (3) the trial court erred in failing to consider "the juvenile brain at the time of the crime"; and (4) the trial court erred in using Latoya Doss's testimony, which was stricken in the denial of resentencing pursuant to P.C. §§ 1170.95/1172.6. (Sanders I Petition at 5-6). On June 30, 2023, Judgment was entered dismissing Sanders I because Petitioner "failed to present any cognizable claim for federal relief." (Sanders I, Dkt. No. 5).

On July 28, 2023, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in the present action ("Petition"). (Dkt. No. 1). Although labeled a "First Amended Petition" and accompanied by a "Request to Amend the Complaint and File [a] First Amended Complaint" ("Request to Amend"),[2] the Petition was filed as a new action.[3] (Petition at 1, 32). The Petition

---

[1] "Section 1170.95 was renumbered as section 1172.6, effective June 30, 2022." Brown v. Atchley, 76 F.4th 862, 864 n.1 (9th Cir. 2023). The pending Petition and Sanders I both refer to sections "1170.95/1172.6," and the Court will do the same.

[2] The Request to Amend stated that "Petitioner added the Constitution to each of the grounds submitted." (Petition at 32 (as paginated on the Court's electronic docket; some capitalization omitted)).

[3] Judgment was entered in Sanders I before the pending Petition was filed, and "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996); Henry v. Adventist Health Castle Med. Ctr., 970 F.3d 1126, 1133 n.5 (9th Cir. 2020), cert. denied, 142 S. Ct. 67 (2021). Since Petitioner did not seek to reopen

alleges that: (1) the trial court erred in denying Petitioner resentencing pursuant to P.C. §§ 1170.95/1172.6 by considering an uncharged robbery in violation of due process of law; (2) the trial court erred in the illegal use of a felony murder instruction when there was no underlying charge or conviction in violation of due process of law; (3) the trial court erred in failing to consider "the juvenile brain at the time of [the] crime" in violation of due process of law; and (4) the trial court erred and deprived Petitioner of due process of law in using Latoya Doss's testimony, which was stricken in the denial of resentencing pursuant to P.C. §§ 1170.95/1172.6. (Petition at 5-6).

## II.

## BACKGROUND

The Sanders I Court set forth the background relevant to these proceedings:

> On November 16, 2001, a Los Angeles Superior Court jury convicted Petitioner of one count of first degree murder in violation of [P.C. §] 187(a). On January 16, 2002, Petitioner was sentenced to an aggregate term of forty-five years to life in state prison. Thereafter, the California Court of Appeal affirmed the judgment, and the California Supreme Court denied review.

---

Sanders I, the Court could not consider any request to file an amended petition in Sanders I. Henry, 970 F.3d at 1133 n.5; Lindauer, 91 F.3d at 1357.

On June 21, 2004, Petitioner sought relief from the state conviction by filing a federal habeas corpus petition in this Court pursuant to 28 U.S.C. § 2254 (case number CV 04-4456-DT (CW)). On August 7, 2006, the Court denied the petition on the merits. Several years later, on November 13, 2015, Petitioner filed another habeas petition in this Court challenging the same conviction pursuant to § 2254 (case number CV 15-8866-ODW (CW)). On December 1, 2015, the Court dismissed the petition without prejudice because it was barred as an unauthorized second or successive petition.

On September 30, 2018, the California Governor signed Senate Bill 1437. "The legislation, which became effective on January 1, 2019, addresses certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending [P.C. §§] 188 and 189, as well as by adding [P.C. §] 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions." People v. Martinez, 31 Cal. App. 5th 719, 722, as modified on denial of reh'g (Feb. 13, 2019), review denied (May 1, 2019). In particular, Senate Bill 1437 "was enacted to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with

reckless indifference to human life." Id. at 723 (citation omitted).

On January 7, 2019, Petitioner filed a petition in Los Angeles County Superior Court (case number TA059122) for resentencing pursuant to section 1170.95/1172.6. Because Petitioner had been tried under a felony murder theory of liability and was therefore prima facie eligible for relief under section 1170.95/1172.6, the trial court held an evidentiary hearing on the petition. Upon considering the trial record and other evidence, on March 18, 2022, the court denied relief on the ground that the evidence established that Petitioner was a major participant in the underlying robbery who had acted with reckless indifference to human life. Petitioner appealed, and the California Court of Appeal affirmed in a reasoned decision on November 30, 2022 (case number B319876). The California Supreme Court then denied a petition for review on February 22, 2023 (case number S278222).

Petitioner also sought habeas relief in state court regarding the denial of his section 1170.95/1172.6 petition for resentencing. Petitioner's habeas petition in the trial court was denied on February 22, 2023. He then filed a petition in the California Court of Appeal on April 24, 2023, which was denied on May 5, 2023 (case number B328128).

(Sanders I, Dkt. No. 5 at 2-4 & n.2 (noting that the facts and procedural history set forth above "are derived from the instant

Petition, as well as the California state appellate court dockets available online at https://appellatecases.courtinfo.ca.gov/, and the petitions and court records in the Central District of California in the following cases of which this Court takes judicial notice [pursuant to Fed. R. Evid. 201]: <u>Sanders v. Giurbino</u>, Case No. CV 04-4456-DT (CW) (C.D. Cal.), and <u>Sanders v. Price</u>, Case No. CV 15-8866-ODW (CW) (C.D. Cal.))); <u>see also</u> <u>Shuttlesworth v. City of Birmingham, Ala.</u>, 394 U.S. 147, 157 (1969) (federal court may properly take judicial notice of its own files and records); <u>Rosales-Martinez v. Palmer</u>, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

### III.
### DISCUSSION

"Rule 4 of the Rules Governing § 2254 Cases in the United States District Court provides that district courts 'must dismiss' a petition '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.'" <u>Clayton v. Biter</u>, 868 F.3d 840, 845 (9th Cir. 2017) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). "Thus, Rule 4 explicitly allows a district court to dismiss summarily the petition on the merits when no [cognizable] claim for relief is stated." <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1198 (9th Cir. 1983); <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Clayton</u>, 868 F.3d at 845 ("District courts adjudicating habeas petitions under § 2254 are instructed to summarily dismiss claims that are clearly not cognizable."). "A petition may not be cognizable, for

example, where the petitioner fails to allege a federal claim." Clayton, 868 F.3d at 845. Here, for the reasons set forth in Sanders I and discussed further below, the Petition does not state a cognizable claim for relief and must be dismissed.

In particular, a federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas corpus relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." (emphasis in original)).

The Court dismissed Sanders I as not cognizable because it "involve[d] only the application of state sentencing law and [did] not give rise to a federal question cognizable on federal habeas review." (Sanders I, Dkt. No. 5 at 5-6 (citing Souch v. Schaivo, 289 F.3d 616, 622-23 (9th Cir. 2002) (state prisoner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim) and Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (determination of the scope of "California's sentence enhancement provisions is a question of state sentencing law" outside the purview of federal habeas relief))); see also Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) ("To the extent petitioner may be challenging the state courts' denial of his petition for

resentencing under [P.C. §] 1170.95, his claims pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable."); Shallowhorn v. Guzman, 2023 WL 5004495, *4 (C.D. Cal. 2023) ("Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions 'pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable' on federal habeas review." (citations omitted)); Springfield v. Lozano, 2023 WL 3409502, *4 (C.D. Cal. 2023) ("Courts in this district have repeatedly held that whether a petitioner is entitled to resentencing under the amendments effected by Senate Bill 1437 is solely an issue of state law and does not give rise to a claim cognizable on federal habeas."), report and recommendation accepted by, 2023 WL 4316774 (C.D. Cal. 2023).

Petitioner has now re-pled each claim dismissed in Sanders I as a purported due process violation. (Compare Sanders I Petition at 5-6 with Petition at 5-6). But Petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); Little v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006); Cole, 480 F. Supp. 3d at 1097; see also Moore v. Chrones, 687 F. Supp. 2d 1005, 1040 n.27 (C.D. Cal. 2010) ("[M]erely placing . . . a [due process] label on an alleged state law sentencing violation is insufficient to state a cognizable federal constitutional claim."); Lacy v. Lewis, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as

1 federal due process claims."). Moreover, in Sanders I, the Court
2 explained to Petitioner that even if he raised his claims as due
3 process claims, they would still fail since his claims, "liberally
4 construed, give no indication that the state court's ruling on his
5 section 1170.95/1172.6 petition for resentencing amounted to a denial
6 of federal due process." (Sanders I, Dkt. No. 5 at 6-8). This remains
7 the case. Nothing has changed with the addition of the term "due
8 process" to Petitioner's previously dismissed claims.

10 Finally, Sanders I stated that "to the extent that [Petitioner's]
11 claims challenge [his] 2001 conviction at trial rather than the state
12 court's later ruling on his petition for resentencing, they are also
13 barred as unauthorized successive claims because this Court previously
14 denied on the merits a previous habeas petition challenging the same
15 state criminal judgment, and Petitioner apparently has not obtained the
16 Ninth Circuit's permission to assert these new claims." (Sanders I,
17 Dkt. No. 5 at 7-8 (citations omitted)). Since Petitioner has not
18 demonstrated that circumstances have changed in this regard, this
19 observation from Sanders I remains true, and Petitioner has still
20 "failed to present any cognizable claim for federal relief." (Id. at
21 8); Cole, 480 F. Supp. 3d at 1097-98.
22 \\
23 \\
24 \\
25 \\
26 \\
27 \\
28 \\

**IV.**

**ORDER**

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 5, 2023

```
                                    _____
                                       OTIS D. WRIGHT, II
                                    UNITED STATES DISTRICT JUDGE
```

Presented by:

```
         /s/
      ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
```